# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:14-cv-1340-Orl-31DAB**

**VICTOR FRANCO ORTIZ,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR DEFAULT JUDGMENT (Doc. No. 12)**
>
> **FILED:** **January 14, 2015**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On August 20, 2014, the United States, on behalf of the Department of Education (the "Department"), sued Defendant for defaulting on a student loan (Doc. 1). The United States obtained the entry of Clerk's default against Defendant when, after service, Defendant failed to file an answer (Docs. 9-11). The Department now moves for a default judgment for amounts owed under the student loan agreement, and relies on the Certificate of Indebtedness attached to the Complaint as Exhibit B. No response to the motion has been filed, and it is now ripe for resolution.[1]

---

[1] As the motion describes the claim as being "for a sum certain or for a sum which by computation can be made certain" (Doc. 12, paragraph 3), it appears that the motion may have been filed under Rule 55(b)(1), Fed. R. Civ. P., seeking entry of judgment by the Clerk. Nonetheless, as the prayer for relief requests that "this Court" enter a default judgment, the undersigned treats the motion as being filed under Rule 55(b)(2).

The Court finds that Defendant's failure to timely respond to the Complaint and subsequent entry of default served to admit the well pled allegations of the Complaint. *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank,* 515 F.2d 1200, 1206 (5th Cir.1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact. . ."). The Department has submitted a Certificate of Indebtedness, prepared and submitted on behalf of the Department (Doc. 1-2), duly certified under penalty of perjury. According to the evidence, as of May 9, 2014, there is due and owing to the Department from Defendant the sum of $20,422.26 consisting of $10,468.56 in unpaid principal, plus $9,953.70 in accrued interest. Interest accrues on the principal at the rate of $2.29 per day. Although the motion also asks for "such other costs of litigation otherwise allowed by law," no such costs are identified and, as such, none should be awarded.

In view of all of the foregoing, it is respectfully **RECOMMENDED** that the motion be **granted** and final judgment be entered in the Department's favor against Defendant for principal in the amount of $10,468.56, together with accrued interest in the amount of $9,953.70, as of May 9, 2014, plus interest on the total principal amount accruing thereafter at the rate of 8 percent per annum, a daily rate of $2.29, until the date of judgment.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 4, 2015.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy